**Carolyn Horner SMITH, Plaintiff,**

v.

**STEWART'S MOBILE HOMES, INC., and Thomas Stewart d/b/a Stewart's Mobile Home Sales, Defendants.**

**Civ. A. No. 78–0025–W(H).**

United States District Court, N. D. West Virginia, Wheeling Division.

Sept. 16, 1980.

William E. Watson, Pinsky, Barnes, Watson, Cuomo & Hinerman, Wellsburg, W. Va., for plaintiff.

No appearance for defendants.

MEMORANDUM OPINION AND ORDER

HADEN, District Judge.

Plaintiff, pursuant to *Rule* 56, Federal Rules of Civil Procedure, moved this Court for summary judgment against Defendants, Stewart's Mobile Home Sales and Wellsburg National Bank. Settlement was reached between Plaintiff and Defendant Wellsburg National Bank by agreed order dated October 10, 1979. Defendant, Stewart's Mobile Homes, brought a cross motion for summary judgment. After reviewing

the motions of the present Plaintiff and Defendant, memoranda supportive thereof, as well as the entire record of this case to date, this Court GRANTS summary judgment in favor of Defendant, Stewart's Mobile Homes.

Plaintiff brought the present action complaining that she and a former husband purchased a mobile home on March 28, 1975, which was misrepresented as to date of manufacture, as well as damaged and defective. An exhibit filed with the complaint shows that Plaintiff gave notice of rescission of the transaction on April 4, 1978. No action was taken thereafter by either Stewart's Mobile Homes or Wellsburg National Bank.

At issue between the present Plaintiff and Defendant is whether the transaction complained of falls within the consumer safeguards of the Truth in Lending Act (hereinafter Act). 15 U.S.C. § 1601, et seq. There are no facts in dispute.

Plaintiff alleges in her complaint that she purchased a mobile home from Defendant "for the total cash price of Eight Thousand Three Hundred Eighty–nine Dollars and Thirty–five Cents ($8,389.35)." Also, Exhibit 1 of Plaintiff's request for admission of facts and genuineness of documents from Defendant indicates that as between Plaintiff and Defendant there remained no unpaid balance after the initial sale. Finally, paragraph 4 of the supplemental affidavit of Plaintiff in support of motion for summary judgment states:

> "That [Plaintiff] . . . declined the offer of Thomas Stewart to arrange for their financing since they had purchased their previous mobile home through the Wellsburg National Bank, and they wished to continue to deal with that bank."

Plaintiff contends that under the Act Defendant, as co–creditor with Wellsburg National Bank, had an obligation to disclose to her at the time of the sale that she had a right to rescind the transaction.* Defend-

* This contention is based on 15 U.S.C. § 1635, the pertinent provision of this section describes the circumstances which give a consumer a right of rescission:

"(a) [*Transactions involving security interest in real property, generally.*] Except as otherwise provided in this section, in the case of any consumer credit transaction in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any real property which is used or is expected to be used as the residence of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the disclosures required under this section and all other material disclosures required under this part whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so. The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, an adequate opportunity to the obligor to exercise his right to rescind any transaction subject to this section."

"(b) [*Effect of rescission.*] When an obligor exercises his right to rescind under subsection (a), of this section, he is not liable for any finance or other charge, and any security inter-

est given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission. Within ten days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered any property to the obligor, the obligor may retain possession of it. Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value. Tender shall be made at the location of the property or at the residence of the obligor, at the option of the obligor. If the creditor does not take possession of the property within ten days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it.

.      .      .      .      .

(f) [*Expiration of right of rescission.*] An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs earlier, notwithstanding the fact that the disclosures required under this section or any other material disclosures required under this part have not been delivered to the obligor."

ant does not contest that he normally extends credit, but only attacks Plaintiff's contention that he is a creditor under the Act for the present action because his transaction with Plaintiff was on a full payment cash basis and, therefore, not a credit sale.

"Creditor" is ·defined in 15 U.S.C. § 1602(f) in pertinent part as follows:

"The term 'creditor' refers only to creditors who regularly extend, or arrange for the extension of, credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, whether in connection with loans, sales of property or services, or otherwise. . ."

Further, 12 C.F.R. § 226.2(m) states:

" 'Creditor' means a person who in the ordinary course of business regularly extends or arranges for the extension of consumer credit, or offers to extend or arrange for the extension of such credit."

Also, 12 C.F.R. § 226.2(h) states in pertinent part:

" 'Arrange for the extension of credit' means to provide or offer to provide consumer credit which is or will be extended by another person under a business or other relationship pursuant to which the person arranging such credit or lease

(1) Receives or will receive a fee, compensation, or other consideration for such service, or

(2) Has knowledge of the credit terms and participates in the preparation of the contract documents required in connection with the extension of credit . . "

. . .

Under these definitions, Defendant is obviously a "creditor" in that he, in the normal course of business, offers to extend or arrange for the extension of credit. This is not only clear from the uncontested affidavit of Plaintiff, but also from the sales contract involved in this transaction which includes a section devoted entirely to financing, including a blank for time charges as well as blanks for the amount of monthly payments. Similarly, Thomas Stewart's deposition stated that Defendant regularly used the Morris Plan Bank in Wheeling, West Virginia, for financing its mobile home transactions.

Although Defendant would come within the definition of "creditor" for the purposes of the Act, it is clear from the record that Defendant was not involved in a "credit sale" with Plaintiff. Defendant's status turns entirely upon the characterization of his role in the transaction complained of. *Meyers v. Clear View Dodge, Inc.*, 539 F.2d 511, 514 (5th Cir. 1976), *cert. denied* 431 U.S. 929, 97 S.Ct. 2633, 53 L.Ed.2d 245 (1977). "Credit sale" is defined in 15 U.S.C. § 1602(g) in pertinent part as follows:

"The term 'credit sale' refers to any sale with respect to which credit is extended or arranged by the seller. . . ."

It is clear from the record that Defendant did not arrange for Plaintiff's extension of credit. There was no business relationship between Stewart's Mobile Homes and Wellsburg National Bank with regard to the transaction complained of. Plaintiff's relationship with Wellsburg National Bank was based solely on a pre—existing credit relationship. Under these circumstances, Defendant had no obligation to make disclosures to Plaintiff pursuant to the Act.

Therefore, Defendant's cross motion for summary judgment will be GRANTED, and Plaintiff's motion for summary judgment will be DENIED.

---

Exhibit 3 of Plaintiff's request for admission of facts and genuineness of documents from Defendant indicates that Wellsburg National Bank held a security interest in Plaintiff's property to secure payment of an installment contract.